United States District Court
Southern District of Texas
**ENTERED**
December 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORIS GILES R.,[1] | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 4:20-cv-01220 |
| KILOLO KIJAKAZI,[2] Acting Commissioner of Social Security, | § § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM AND ORDER

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.' s Mot., ECF No. 19. Defendant opposes the motion, arguing that the number of hours expended was unreasonable. ECF No. 21. Because the Court granted Plaintiff's motion for summary judgment, ECF No. 14, and remanded this case to the Commissioner to pay benefits, Plaintiff is the prevailing party. ECF No. 17. The Court finds that an

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant in place of Andrew Saul, the former Commissioner.

award of 40 hours for fees is reasonable. Therefore, Plaintiff's motion should be granted in part.

## I.     LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

Plaintiff's case has had a long and tortured existence. In 2016, Plaintiff appeared before an ALJ who ruled against him. ECF No. 17 at 5-6. On administrative appeal, the Appeals Council remanded for a hew hearing. *Id*. On remand, the ALJ

ruled against Plaintiff again, and the Appeals Council again affirmed. *Id*. On appeal here, the Court found that the ALJ on remand failed to address Plaintiff's spinal condition and failed to make her own analysis at step two, instead copying the analysis from the first ALJ. *Id*. at 12-19. Absent the ALJ's errors, the Court found Plaintiff would have "grid out" pursuant to the Medical Vocational Guidelines. *Id*. at 20-21. For these reasons, the Court found that Plaintiff was entitled to recover and directed the Commissioner to pay Plaintiff Title II benefits on remand. ECF Nos. 17, 18. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[3] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, he timely[4] filed his motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits to which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on September 30, 2021, ECF No. 18, which became final sixty days later, on November 29, 2021. Plaintiff had thirty days from November 29, 2021, to file his motion for attorney's fees. Plaintiff filed his motion on October 27, 2021, and thus the motion is timely. ECF No. 19.

### III. ANALYSIS

Plaintiff seeks an award for 49.23 hours worked and a reimbursement of the filing fee of $400.00 for a total EAJA award of $10,767.35. ECF No. 19 at 2. He submitted evidence supporting his application. ECF No. 19.[5] The Commissioner's counsel opposes the amount requested, arguing that the hours are excessive considering the size of the administrative record and nature of the argument. ECF No. 21. The Commissioner's counsel argues that 32.42 hours is more appropriate. ECF No. 21 at 4.

The Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[6] Thus, Plaintiff's counsel claimed 49.23 hours is almost 25% more than the typical range for this type of case.

Having reviewed the record in this case, the Court finds that 40 hours is more reasonable than the amount either party suggested. The Court is mindful that the

---

[5] Plaintiff's itemized statement indicates that Plaintiff's counsel worked 5.20 hours in 2020 and 44.03 hours in 2021. ECF No. 19 at 5–7. Plaintiff's hours are for time spent litigating the civil action before this Court. *Id.*

[6] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the Untied States fees and other expenses. . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1(A).

administrative record is not extensive.[7] While Plaintiff raised only one issue—whether substantial evidence supports the ALJ's decision—it requires analysis of the entire record. Further, Plaintiff appealed after two ALJ determinations, making the arguments more complicated. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) (discussing how courts may consider difficulty as a factor concerning reasonableness). Furthermore, Plaintiff's briefing—urging this Court to award benefits rather than remanding to the Commissioner—was instrument to the results achieved. *Id*. ("If a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefits of his work – even if he managed to accomplish a great deal in a small window of time."). Thus, the Court finds 40 hours worked is appropriate.

Counsel's hourly rate is higher than the statutory rate of $125,[8] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g.,*

---

[7] The Administrative Record in this case was 694 pages.

[8] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

*Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the hourly rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel practices in Houston and is claiming fees for work performed in 2020 and 2021. The hourly rate last changed in 1996; at that time, the CPI for Houston-Galveston-Brazoria, TX was 142.7. Based on the case law, the Court calculates the hourly rates for 2020 and 2021 as follows:

- In 2020, the CPI for Houston-Galveston-Brazoria, Texas was 229.161. The percentage difference between 1996 and 2020 is 160.589% (229.161/142.7). Therefore, the hourly rate for 2020 is $200.74 (160.589% x 125).

6

- In 2021, the CPI for Houston-Galveston-Brazoria, Texas was 243.813.[9] The percentage difference between 1996 and 2021 is 170.857% (243.813/142.7). Therefore, the hourly rate for 2021 is $213.57. (170.857% x 125).

Using the calculated hourly rates, the Court determines the appropriate fee based on the reduced number of hours worked. Plaintiff's attorney worked 5.20 hours in 2020 and 44.03 hours in 2021. ECF No. 19 at 5–7. The Court reduces Plaintiff's attorney's hours worked to 4.23 hours in 2020 (5.20/49.23 x 40) and 35.77 hours in 2021 (44.03/49.23 x 40). *See Norma Jane T. v. Saul*, No. 4:19-CV-3320, 2021 WL 965910, at *6 (S.D. Tex. Mar. 14, 2021) (using the average of hours per each year to calculate the new hours worked each year for the reduced hours approved by the Court).

For 2020, his fee is $849.13 ($200.74 x 4.23 hours). For 2021, his fee is $7,639.40 ($213.57 x 35.77 hours). The sum of the 2020 and 2021 fees plus the additional $400 filing fee is $8,888.53.

### IV.   CONCLUSION

---

[9] Plaintiff's calculation of hourly rate does not match the Court'. To promote uniformity in the division, the Court uses the rates as calculated. *Normal Jane T. v. Saul*, No. 4:19-CV-3320, 2021 WL 965910, at *3 (determining the 2020 rate for Houston is $200.74); *see Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)).

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 19, is **GRANTED**; and Defendant is **ORDERED** to pay $8,888.53 pursuant to the Equal Access to Justice Act directly to Plaintiff.

Signed at Houston, Texas, on December 7, 2021.

*Dena Palermo*
**Dena Hanovice Palermo**
**United States Magistrate Judge**